By the Court,
Wood, J.
The first question arising in this case is, what title has the plaintiff to authorize him to invoke the aid of this court to quiet him by injunction? When Bebo married Mrs. Yillard, he became immediately entitled to all her personal property. When he and his wife united in selling the land they held at Port Clinton, *the proceeds being personalty, by like operation of law, were his. With the money he purchased •of the complainant the land in dispute, and took a title to himiself, as he had a right to do. The legal estate being thus vested *198 in him, he died seized, and it passed by descent to his heirs at-law, subject to the payment of his debts, and it made no difference, in this respect, whether the descent was cast upon his or any other heir. But it is said Bebo defrauded his wife in taking-a deed in his own name, and that, inasmuch as Tier money entered into the purchase, equity will declare the estate hers, or so much of it as was purchased with her means. The answer to the allegation of fraud is, that she was present when the deed was executed and received, heard it explained, made no objection to it, and must be presumed to have assented to its form. No objection from her was heard till some time afterward, when it was too-late to affect the right. It is true, Bebo, when she complained, said it should be conveyed to her, but nothing was done. This does not show fraud, nor does it evidence any original understanding, that she was to keep any portion either of the personal or real property. The plaintiff, then, must resort to some other ground to sustain his right; and he avers that Bebo left no heirs but-aliens, and as they did not appear to claim the estate, it vested in Ms widow, and by her will was passed to Yalicot and wife, and to-him by their release. This does not aid the plaintiff in the least, if Bobo’s estate was in debt beyond his personal assets; because-the debts are a lien on the land, let it be cast upon, or transferred to whomsoever it may, which could only be extinguished by their payment.
Fraud is also charged upon the administrator and the purchaser, Gallagher, in the sale by order of the probate court, but. there is no evidence to support the charge, nor in any way to impeach the fairness of these proceedings. It is further alleged that these probate proceedings were irregular and void, among other things, because the preliminary injunction in this case was allowed before the sale. Although that is true, yet as it was not served until two days after the sale, it could only operate upon the administrator from the time he received notice.
In any view we can take of this case, it seems to us very clear that the plaintiff has no ground for relief in equity, and the injunction must be dissolved. Bill dismissed.