OPINION
{¶ 1} Defendant-appellant, Michael G. Visnich, appeals the March 4, 2005 judgment entry of the Trumbull County Court of Common Pleas, Probate Division, ordering plaintiff-appellee, Michael D. Rossi, Administrator WWA of the Estate of Doris E. Visnich, to proceed with the sale of decedent's real estate. For the following reasons, we affirm the decision of the court below.
 {¶ 2} Rossi is the duly appointed administrator of the estate of Doris Visnich. Having determined "that the personal property in his hands [was] insufficient to pay all the debts of the decedent," Rossi filed a complaint in Trumbull County Probate Court on January 21, 2003, for authority to sell Doris Visnich's real property, located at 150 Howland-Wilson Road SE., Warren, Ohio. See R.C. 2127.02 and R.C. 2127.10. Rossi named the following defendants as necessary parties to such sale as prescribed by R.C. 2127.13: Michael G. Visnich, James E. Visnich, Deborah V. Kennedy, and the Trumbull County Treasurer. Among Doris Visnich's heirs, only Michael Visnich filed an answer objecting to the sale.
 {¶ 3} Rossi had the property appraised at a value of $95,000.
 {¶ 4} On October 28, 2004, the probate court entered an order that Rossi sell the property, at private sale, to the higher of two interested bidders, Michael Visnich and Rose Gerchak.
 {¶ 5} On December 15, 2004, Rossi, "frustrated by the parties' * * * `de minimus' [sic] incremental bidding war," moved the court for an order to sell the property by "sealed bids." According to Rossi's proposal, the higher bidder would have "30 days to perform, i.e., `close,' failing which the lower bid[der] would have 30 days to perform, failing which the property would be sold to the first bidder to perform at his/her offer." Nothing was filed by Visnich in opposition to Rossi's motion. On December 27, 2004, the probate court ordered the property to be sold by sealed bids.
 {¶ 6} Visnich and Gerchak submitted bids on the property. Rossi opened the bids on January 7, 2005, and Visnich's bid of $137,950.00 was the higher. Rossi wrote to Visnich that same day, notifying him that his bid was the higher: "I am now presenting the enclosed signed, initialed and amended Purchase Agreement to Michael Visnich for his signature, initialing and return to me * * *. Our target date for closing is 2/6/05, failing which we will continue to proceed per my 12/7/04 letter to you [providing that the higher bidder would have thirty days to perform, failing which the sale would proceed with the lower bidder]."
 {¶ 7} Visnich failed to close the sale by February 6, 2005, by depositing the necessary funds into escrow. Thereupon, Rossi proceeded with the sale of the property to Gerchak, who closed the sale within the allotted thirty days.
 {¶ 8} On February 10, 2005, Visnich filed an Emergency Motion to Proceed with his Purchase of Real Estate, seeking an order from the court that he be allowed to complete his purchase of the property. On February 14, 2005, Rossi filed an Application to Determine Question, pursuant to R.C. 2721.05(C): "Should the subject real estate, 159 Howland-Wilson Road, SE, Warren, Ohio, be sold to the higher of the two (2) bidders or in accordance with this Court's Order entered 12/27/04?"
 {¶ 9} On March 4, 2005, the probate court ordered Rossi to "proceed with the sale of the real estate pursuant to this Court's order dated December 27, 2004." From this order, Visnich makes timely appeal and raises the following assignment of error: "The probate court erred by ordering the sale of the real estate at 159 Howland-Wilson Road, Warren, Ohio, to Rose Gerchak."
 {¶ 10} An order of sale is a final appealable order. SkyFinancial Group, Inc. v. Mogul (June 1, 2001), 11th Dist. No. 2000-T-0038, 2001 Ohio App. LEXIS 2480, at *7. The probate court's decision to order the sale of property under R.C. Chapter 2127.28 is reviewed under an abuse of discretion standard.
 {¶ 11} Visnich argues the probate court improperly ordered the sale of the property to Gerchak in contravention of the decedent's expressed wish that the property be divided among the designated heirs. We disagree.
 {¶ 12} The probate court is given authority to "order the sale of real estate * * * it deems necessary for the interest of all parties concerned." R.C. 2127.29. It is not disputed that the sale of the property at 159 Howland-Wilson Road is necessary to pay the decedent's debts. It is the well-settled law of Ohio that the rights of the estate's creditors are superior to the rights of the estate's heirs. This proposition has been variously stated by Ohio's Supreme Court. Overturf v. Dugan (1876),29 Ohio St. 230, at 234-235 (the decedent's debts constitute "a charge or lien on the land * * * and * * * this charge or lien is paramount to the rights of the heir at law, and * * * can only be removed by the payment of the debts, or by the lapse of time"); Stramanv. Rechtine (1898), 58 Ohio St. 443, at 457 ("in the case of deceased persons the title to * * * real estate vests in the heir, burdened with the debts of the ancestor, subject to be sold by the administrator for the payment of his debts"); Ramsdall v.Craighill (1839), 9 Ohio 197, at syllabus ("[t]he debts of a deceased person are a lien on the land of which he died seized, in default of personal assets, whether devised or cast by descent, which can only be removed by payment of the debts or the lapse of time").
 {¶ 13} Visnich further argues that the probate court acted arbitrarily by requiring him to close the sale within thirty days of the sealed bids being opened. Again, we disagree.
 {¶ 14} Visnich had been engaged in bidding on the property for a year prior to the court's order of December 27, 2004, that sealed bids be made for the property. That same order also apprised Visnich that he would have thirty days within which to close the sale should his bid be the highest. Visnich had abundant time to secure financing for the purchase prior to January 2005. Moreover, Visnich did not object to Rossi's motion to resolve the sale by sealed bids or the condition that the sale must be closed within thirty days. Nor did Visnich file for an extension of time to close the sale in the probate court. In his Emergency Motion to Proceed with his Purchase of Real Estate, filed after the February 6, 2005 deadline, Visnich alleges that he informed Rossi that he would not be able to close within thirty days and requested additional time. Nothing was filed in court, however, and the court's order imposing the thirty day deadline for closing remained in effect. Accordingly, there was nothing arbitrary about the court's order that the property be sold by sealed bidding or that closure occur within thirty days of the bid being accepted.
 {¶ 15} Rossi, as administrator, was under a duty to file a complaint to sell the property at 159 Howland-Wilson Road once he determined the personalty in the estate was insufficient to pay the estate's debts. Visnich could have blocked the sale of this property by posting bond as provided in R.C. 2127.31. See Stoutv. Stout (1910), 82 Ohio St. 358, at syllabus ("So soon as the administrator has ascertained that the personal estate in his hands will be insufficient to pay all the debts, etc. of the estate, it is his duty to forthwith apply to the probate or common pleas court for authority to sell the lands for the payment of such debts, and in such case the heirs at law can prevent a sale and have a partition of the lands only by giving bond for the payment of debts, etc., as provided by section 6146, Revised Statutes [now R.C. 2127.31].").
 {¶ 16} Visnich's sole assignment of error is without merit. The judgment of the Trumbull County Court of Common Pleas, Probate Division, ordering the sale of decedent's property at 159 Howland-Wilson Road to Rose Gerchak is affirmed.
William M. O'Neill, J., Colleen Mary O'Toole, J., concur.